FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE K. HAMMA, | No. 09-15815 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01795-GEB-CMK |
| v. | |
| INTEL CORPORATION; INTEL CORPORATION LONG TERM DISABILITY BENEFIT PLAN; INTEL DISABILITY APPEALS COMMITTEE; MATRIX ABSENCE MANAGEMENT, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted April 14, 2010
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and MOODY, Judge.[**]

Appellant Denise Hamma's (Hamma's) claim for long-term disability (LTD) benefits under Appellee Intel Corporation's (Intel) Long-Term Disability Benefit Plan (Plan) was denied by the plan administrator, Matrix Absence Management, Inc. (Matrix), and her appeal was denied by the Intel Disability Appeals Committee (Appeals Committee).  Hamma challenges the district court's summary judgment in favor of Intel, asserting that Matrix and the Appeals Committee abused their discretion.

Matrix and the Appeals Committee did not abuse their discretion by relying on a neurologist and neurosurgeon as peer review physicians in evaluating Hamma's medical condition, and they specified their reasons for not crediting the opinions of Hamma's treating physicians.  *See* 29 C.F.R. § 2560.503-1(h)(3)(iii) ("[T]he appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment[.]"); *see also LaMantia v. Voluntary Plan Administrators, Inc.*, 401 F.3d 1114, 1121 (9th Cir. 2005) ("ERISA[1] and the Secretary of Labor's regulations implementing the statute do not command plan administrators to credit

---

[**]    The Honorable James Maxwell Moody, United States District Judge for the District of Arkansas, sitting by designation.

[1]  Employee Retirement Income Security Act

the opinions of treating physicians over other evidence relevant to the claimant's medical condition.") (citation and internal quotation marks omitted).  Although they did not expressly address the award of social security benefits or Hamma's prescription medications in their denial letters, Matrix and the Appeals Committee fully and fairly reviewed Hamma's medical evidence, including the additional medical evidence submitted to the Appeals Committee, and their denials of LTD benefits comported with ERISA's requirements.  *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) (en banc) ("When an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity.") (citations and internal quotation marks omitted); *see also Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009), *as amended* ("In the absence of a conflict, judicial review of a plan administrator's benefits determination involves a straightforward application of the abuse of discretion standard.  In these circumstances, the plan administrator's decision can be upheld if it is grounded on *any* reasonable basis.") (citations and internal quotation marks omitted) (emphasis in the original).

Because the Plan required the submission of objective medical evidence to support a pain-based disability claim, the lack of such evidence was a reasonable basis for denial.

**AFFIRMED.**